IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | § |
|---|---|
| CARON SUE PHILLIPS, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:15-CV-793-A |
| | § |
| HOME PATH FINANCIAL, LP, | § |
| ET AL., | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant JPMorgan Chase Bank, N.A., ("Chase") to dismiss. The court, having considered the motion, the response of plaintiff, Caron Sue Phillips (which is titled "Plaintiff's Objection to Dismissal"), the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On September 25, 2015, plaintiff filed her original petition in the 96th Judicial District Court of Tarrant County, Texas. On October 13, 2015, she filed her amended petition. On October 21, 2015, Chase filed its notice of removal, bringing the action before this court.

As best the court can tell, plaintiff appears to be complaining about a non-judicial foreclosure conducted by Chase. Defendant Home Path Financial, LP, ("Home Path") is alleged to be

the purchaser at the foreclosure sale. The record does not reflect that Chase or Home Path was ever served with process. Home Path has not appeared and plaintiff has taken no action to pursue her claims against it.

II.

Grounds of the Motion

Chase alleges that plaintiff has not stated any claim upon which relief can be granted. Further, Chase urges that plaintiff's claims are barred by res judicata.

III.

Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading.[1] It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

---

[1] Inasmuch as the Texas pleading standard has been brought into line with the federal standard, the court is making its ruling on the basis of case law applicable to the federal standard. See Mastronardi v. Wells Fargo Bank, N.A., No. 4:15-CV-452-A, 2015 WL 5472924, *4-5 (N.D. Tex. Sept. 17, 2015).

2

simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to

in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003).

IV.

Analysis

A.  Prior Litigation

Matters of public record reflect that this is the sixth proceeding filed by plaintiff related to the foreclosure of a purchase money lien on property located at 12051 Vista Ranch Way in Tarrant County. In particular:

The first action, which sought injunctive relief to prevent Chase from foreclosing and a declaration that plaintiff was the owner of the property, was filed on May 29, 2013, and assigned Civil Action No. 4:13-CV-437-A. That action was dismissed for plaintiff's failure to pay the filing fee.

The second action, assigned Civil Action No. 4:13-CV-951-A, appeared to allege that Chase's attorneys were required to submit evidence of their authority to act on its behalf. In response to an order to replead, plaintiff filed a complaint that was

4

virtually identical to that filed in the first action, but was accompanied by additional exhibits. That action was dismissed on December 26, 2013, for failure to state a claim.

On March 31, 2014, plaintiff filed a Chapter 13 bankruptcy petition in the Fort Worth Division of the United States Bankruptcy Court for the Northern District of Texas, under Case No. 14-41353-dml-13. Plaintiff identified Chase in her schedules as holder of a secured claim against the property and filed a statement of intent to reaffirm the debt. However, the bankruptcy was dismissed for failure to pay the filing fee.

On December 1, 2014, plaintiff filed a lawsuit in the 17th Judicial District Court of Tarrant County, Texas, which was removed to this court and assigned Civil Action No. 4:14-CV-1020-Y. Plaintiff asserted claims for breach of contract, slander of title, "void assignment of interest," "tort fraud," and declaratory relief. By order and final judgment signed February 3, 2015, the court granted the motion of Chase and another defendant to dismiss for failure to state a claim and dismissed the action with prejudice. Plaintiff's motion to reopen was denied.

On March 9, 2015, plaintiff filed a Chapter 7 proceeding, again in the Fort Worth Division, under Case No. 15-40994. The bankruptcy judge granted Home Path's motion for relief from

5

automatic stay to permit eviction to continue.[2] Plaintiff filed a notice of appeal from the ruling, which was assigned Civil Action No. 4:15-CV-361-A, and the court affirmed the bankruptcy judge's order.

B. Res Judicata

The doctrine of res judicata bars the re-litigation of claims that were or could have been raised in a prior action. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 312-13 (5th Cir. 2004). Four elements are required to be met for res judicata to apply: (1) the parties in both suits must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. Id., 383 F.3d at 313. To determine whether the prior and current suits raise the same cause of action, the court applies a transactional test. That is, a prior judgment's preclusive effect extends to all rights of the plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." Id. (quoting Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004)). The critical issue is whether

---

[2] Plaintiff admitted in her notice of appeal that the foreclosure had taken place in December 2014.

the two actions are based on the same nucleus of operative facts. Id.

As Chase has shown, each of the elements for application of res judicata is met. Chase and plaintiff were parties to Civil Action No. 4:14-CV-1020-Y; the court had jurisdiction over the action; the prior judgment is final and on the merits; and, the claims in each action arise out of the same nucleus of operative facts. Here, as in Howe v. Vaughan (In re Howe), 913 F.2d 1138, 1144 (5th Cir. 1990), the present case merely presents new theories based on the same loan transaction and foreclosure addressed in the earlier one. Plaintiff has not attempted to show otherwise. Accordingly, plaintiff's claims against Chase are barred.

C.  Failure to State a Claim

The application of res judicata notwithstanding, plaintiff has not in any event stated a plausible claim against defendants.[3] For the reasons discussed in Chase's motion, Texas law does not support the claims plaintiff appears to be

---

[3] Even though Home Path has not appeared or joined in the motion to dismiss, the court is satisfied that the dismissal for failure to state a plausible claim for relief against it is proper. The court may consider the sufficiency of a complaint on its own initiative. Guthrie v. Tifco Indus., 941 F.2d 374, 379 (5th Cir. 1991). And, the court considers that dismissal of the claims against Home Path would be fair inasmuch as plaintiff responded to the motion to dismiss as though it had been filed on behalf of both defendants. Doc. 9 at 1. Lozano v. Ocwen Fed. Bank, F.S.B., 489 F.3d 636, 642-43 (5th Cir. 2007).

asserting. And, plaintiff has not alleged any facts to support any claim against either defendant.

V.

Order

For the reasons discussed herein,

The court ORDERS that the motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendants be, and are hereby, dismissed.

SIGNED December 1, 2015.

_____
JOHN MCBRYDE
United States District Judge